ARCHER, Circuit Judge.
 

 Inocencia M. Esteban petitions for review of the decision of the Merit Systems Protection Board (board), No. SE08319110047 (August 6, 1991), which made final the February 5, 1991 initial decision of the Administrative Judge (AJ) sustaining the Office of Personnel Management’s (OPM) determination that Esteban
 
 *701
 
 was not eligible for a civil service retirement annuity. 49 M.S.P.R. 421. We affirm.
 

 I.
 

 Esteban’s application to 0PM for a deferred retirement annuity pursuant to the Civil Service Retirement Act (CSRA) was denied. In requesting reconsideration by 0PM, Esteban acknowledged that civil service retirement deductions had never been withheld from her salary, but contended that her service nonetheless entitled her to annuity benefits. 0PM again denied the. application and Esteban appealed to the board.
 

 In the initial decision, the AJ found that Esteban was employed as a computer clerk with the Philippine Insular Government from October 22, 1923 to December 31, 1931 and from January 6, 1934 to November 14,1935. Under the authority of
 
 Unta-lan v. Office of Personnel Management,
 
 30 M.S.P.R. 297, 299 (1986), the AJ determined that this employment was creditable service for civil service retirement purposes. According to the initial decision, Esteban also was employed by the Department of the Army from February 19, 1920 to December 31, 1922 as a laundry worker; from June 10, 1946 to December 21, 1946 as a senior draftsman; from April 1, 1947 to July 19, 1947 as a computer clerk; and from April 1, 1948 to April 6, 1948 as a computer clerk. The AJ found that no retirement deductions were ever withheld from Esteban during any period of service and that no evidence was presented to show that she occupied a civilian position covered by the CSRA. The AJ, therefore, concluded that Esteban was not eligible for retirement benefits because she did not meet the covered service requirement of 5 U.S.C. § 8333(b) (1988).
 

 II.
 

 A. The current requirements of the CSRA to be eligible for an annuity are that (a) the employee must complete at least five years of creditable civilian service; and (b) within the last two years before any separation from service the employee must complete at least one year of covered service. 5 U.S.C. § 8333 (1988). The statute states in pertinent part:
 

 Eligibility for Annuity
 

 (a) An employee must complete at least 5 years of civilian service before he is eligible for an annuity, under this sub-chapter.
 

 (b) An employee or Member must complete, within the last 2 years before any separation from service, except a separation because of death or disability, at least 1 year of creditable civilian service during which he is subject to this sub-chapter before he or his survivors are eligible for annuity under this subchap-ter based on the separation____ Failure to meet this service requirement does not deprive the individual or his survivors of annuity rights which attached on a previous separation.
 

 Id.
 
 Because Esteban did not show that she had any covered service, the board correctly determined that she did not have annuity rights under current law.
 

 B. The last sentence of section 8333(b) provides, however, that a failure to meet the covered service requirement will not “deprive the individual or his survivors of annuity rights which attached on a previous separation.” This provision precludes the divestment of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Therefore, to determine whether Esteban is entitled to an annuity, we also must apply the civil service retirement law in effect when she was separated from her Philippine Insular Government position, as well as her Department of the Army positions.
 

 The first periods that Esteban claims entitle her to annuity rights are service as a computer clerk with the Philippine Insular Government from October 22, 1923 to December 31, 1931 and from January 6, 1934 until November 14, 1935.
 
 [1]
 
 On both dates
 
 *702
 
 of separation for these periods of service, retirement annuity rights were governed by the 1930 Act.
 
 [2]
 
 Act of May 29, 1930, ch. 349, 46 Stat. 468 (1930).
 

 Under the 1930 Act, an employee to whom the Act applied was required to have 15 years of service to be eligible for a civil service retirement annuity upon retirement or separation from service.
 
 Id.
 
 §§ 1, 7, 46 Stat. at 468, 474. The date on which the annuity would commence depended on the employee’s age and method of termination of service, whether by retirement, or voluntary or involuntary separation.
 
 See id.
 

 Esteban’s separation on November 14, 1935 was considered to be involuntary because the Philippine Insular Government ceased to exist upon the formation of the Philippine Commonwealth Government. The record is unclear as to whether Esteban’s separation on December 31, 1931 was voluntary or involuntary. In neither case, however, was Esteban then entitled to either an immediate or a deferred annuity because she did not have the required 15 years of service. Moreover, with respect to her involuntary separation, Esteban did not show that she had attained the age of 45, required for a deferred annuity, or 55, required for an immediate annuity. And, with respect to any voluntary separation, she did not establish that she satisfied the age requirements for annuity eligibility. Finally, Esteban has not shown that she was an employee to whom the Act applies
 
 *703
 
 within the meaning of section 3 of the 1930 Act.
 
 Id.
 
 § 3, 46 Stat. at 470. Although her service with the Insular Government was properly recognized as creditable service by the AJ, which under section 5 of the 1930 Act could have been taken into account in computing the amount of an annuity if she were otherwise eligible, Esteban . failed to satisfy the basic eligibility requirements of the 1930 Act.
 

 C. On January 24, 1942, Congress significantly amended the 1930 Act. Pertinent here are the amendments to section 3,
 
 [3]
 
 which made the civil service retirement law broadly applicable to government employees subject to Presidential power to exclude intermittent and temporary employees, and to section 7,
 
 [4]
 
 which provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Act of January 24, 1942, ch. 16, 56 Stat. 13 (1942).
 

 The President exercised the power provided by section 3 in Executive Order No. 9154, thereby excluding various classes of employees from coverage under the 1942 Act.
 
 [5]
 
 Exec. Order No. 9154, 3 C.F.R. 1152-53 (1938-1943) (the Executive Order was dated May 1, 1942, but effective as of Janhary 24, 1942).
 

 Esteban separated from service with the Department of the Army on December 21, 1946, July 19, 1947, and April 6, 1948.
 
 [6]
 
 She concedes in her brief that on all of these dates she separated from “brief periods of service” that were “excluded by Executive Order No. 9154.” She nonetheless argues that she accrued rights to a deferred retirement annuity because the 1942 Act required only five years of service. We disagree. Even though Esteban had more than five years of creditable service based on her work with the Philippine Insular Government,
 
 see
 
 Federal Personnel
 
 *704
 
 Manual (FM) Supplement 831-1, Appendix C, the 1942 Act plainly gives the President the authority to exclude certain employees from the operation of the Act. Esteban had to establish that she had some coverage under the 1942 Act before any of its provisions applied to her. Because Esteban conceded that all of her brief periods of service with the Department of the Army were excluded from coverage by the Executive Order, she cannot qualify for an annuity based on her more than five years of creditable service.
 
 See Cheeseman v. Office of Personnel Management,
 
 791 F.2d 138, 140-41 (Fed.Cir.1986) (holding that,the board properly placed the burden of proving entitlement to benefits on the applicant).
 

 CONCLUSION
 

 Accordingly, Esteban is not eligible for an annuity under the current CSRA and is not eligible for an annuity under the civil service retirement law in force at the time of any of her earlier separations. The board’s decision is
 

 AFFIRMED.
 

 [1]
 

 . Esteban does not appear to claim that her service as a laundry worker provides eligibility for a retirement annuity. Even if treated as creditable service, however, it does not qualify
 
 *702
 
 her for an annuity under any version of the civil ■ service retirement law.
 

 [2]
 

 . The 1930 Act provided in pertinent part as follows:
 

 ELIGIBILITY FOR SUPERANNUATION RETIREMENT
 

 Sec. 1. All employees to whom this Act applies who, before its effective date, shall have attained or shall thereafter attain the age of seventy years and rendered at least fifteen years of service computed as prescribed in section 5 of this Act shall be eligible for retirement on an annuity as provided in section 4 hereof____
 

 EMPLOYEES TO WHOM THE ACT SHALL APPLY
 

 Sec. 3. This Act shall apply to the following employees and groups of employees:
 

 (a) All employees in the classified civil service of the United States, including all persons who have been heretofore or may hereafter be given a competitive status in the classified civil service, with or without competitive examination, by legislative enactment, or under civil service rules promulgated by the President, or by Executive orders covering into the competitive classified service groups of employees with their positions or authorizing the appointment of individuals to positions within such service.
 

 The provisions of this Act may be extended by Executive order, upon recommendation of the Civil Service Commission, to apply to any employee or group of employees in the civil service of the United States not included at the time of its passage. The President shall have power, in his discretion, to exclude from the operation of this Act any employee or group of employees in the civil service whose tenure of office or employment is intermittent or of uncertain duration____
 

 COMPUTATION OF ACCREDITED SERVICE Sec. 5. Subject to the provisions of section 9 hereof, the aggregate period of service which forms the basis for calculating the amount of any benefit provided in this Act shall be computed from the date of original employment, whether as a classified or an unclassified employee in the civil service of the United States ... and also periods of service performed overseas under authority of the United States____
 

 INVOLUNTARY SEPARATION FROM THE SERVICE
 

 Sec. 7. Should any employee fifty-five years of age or over to whom this Act applies, after having served for a total period of not less than fifteen years and before becoming eligible for retirement under the conditions defined in section 1 hereof, become involuntarily separated from the service, not by removal for cause on charges of misconduct or delinquency, such employee shall be paid as he or she may elect, either—
 

 (a) The total amount of his deductions with interest thereon; or
 

 (b) An immediate life annuity beginning at the date of separation from the service ...; or
 

 (c) A deferred annuity beginning at the age at which the employee would otherwise have become eligible for superannuation retire-ment____
 

 Any employee who has served for a period of not less than fifteen years, and who is forty-five years of age, or over, and less than fifty-five years, and who becomes separated from the service under the conditions set forth in this section shall be entitled to a deferred annuity____
 

 Act of May 29, 1930, ch. 349, 46 Stat. 468 (1930).
 

 [3]
 

 . Section 3 of the 1942 Act amended section 3 of the 1930 Act to read:
 

 Sec. 3. That section 3 of the Act of May 29, 1930, as amended, is amended by striking out all thereof and inserting in lieu thereof the following:
 

 (a) This Act shall apply to all officers and employees in or under the executive, judicial, and legislative branches of the United States Government, all elective and appointive officers in or under the said branches, and to all officers and employees of the municipal government of the District of Columbia____
 

 (b) The President shall have power, in his discretion, to exclude from the operation of this Act any officer or employee or group of officers or employees in the executive branch of the service whose tenure of office or employment is intermittent or of uncertain dura-tion____
 

 Act of January 24, 1942, ch. 16, § 3, 56 Stat. 13, 15 (1942).
 

 [4]
 

 . Section 5 of the 1942 Act amended section 7 of the 1930 Act to read:
 

 (a) Should any officer or employee to whom this Act applies, after having served for a total period of not less than five years and before becoming eligible for retirement become separated from the service, such officer or employee shall be paid a deferred annuity beginning at the age of sixty-two years, computed as provided in clauses (1) and (2) of section 4(a) of this Act----
 

 Act of January 24, 1942, ch. 16, § 5, 56 Stat. 13, 16 (1942).
 

 [5]
 

 . Executive Order No. 9154 excluded from coverage,
 
 inter alia:
 

 1. Employees in the following classifications of Federal personnel in the Executive branch of the Government ...:
 

 (a) Employees whose expected service will be for brief periods but not to exceed one year.
 

 (b) Employees paid by the hour, day, month, or year when actually employed, whose employment is periodic, part-time, or recurrent and for whom a regular tour of duty is not contemplated.
 

 (d) Employees paid on a piece-work basis, except when serving under regular or permanent appointment.
 

 (g) Intermittent alien employees engaged on work outside the continental limits of the United States.
 

 (i) Employees serving under temporary appointments pending final determination of their eligibility for permanent- or indefinite appointments.
 

 Exec. Order No. 9154, 3 C.F.R. 1152-53 (1938-1943).
 

 [6]
 

 . Congress enacted amendments to the 1942 Act in 1946
 
 (see
 
 Act of February 18, 1946, ch. 30, 60 Stat. 6, 14), and 1948
 
 (see
 
 Act of February 28, 1948, 62 Stat. 48). None of these amendments affects whether Esteban satisfied the requirements of the 1942 Act.