989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maria M. APOSTOL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3620.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1993.
 
 Before RICH, MICHEL and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Maria M. Apostol appeals the March 30, 1992 initial decision of the Administrative Judge (AJ), Docket No. SE-0831-92-0104-I-1, which became the final decision of the Merit Systems Protection Board (MSPB or Board) when the full Board denied review on August 13, 1992. The AJ sustained the Office of Personnel Management's (OPM) decision that Ms. Apostol was not entitled to an annuity under the Civil Service Retirement Act (CSRA). Finding no error in the Board's decision, we affirm.
 
 DISCUSSION
 
 2
 On appeal, we must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Cheeseman v. Office of Personnel Mgmt., 971 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Petitioner bears the burden of proving entitlement. Id. at 141.
 
 
 3
 Ms. Apostol claims that the Board erred as a matter of law because it did not apply the provisions of the amendments to the CSRA enacted on January 24, 1942 in determining her eligibility for annuity benefits. Pub.L. No. 77-411, Ch. 16, § 3, 56 Stat. 13, 15 (1942). The applicable law in determining whether an employee is entitled to benefits is the law that is in effect at the time of the employee's separation from service. Esteban v. Office of Personnel Mgmt., 978 F.2d 700, 701 (Fed.Cir.1992). The Board applied the Civil Service Retirement Act of May 29, 1930, Pub.L. No. 71-279, Ch. 349, 46 Stat. 468 (1930), which was in effect at the time of petitioner's separation from employment in 1935.
 
 
 4
 Ms. Apostol argues that the more lenient 1942 amendments, which are embodied in the current CSRA, should retroactively apply to her service. She relies on the last sentence of section 8333(b) of the current CSRA which states that "[f]ailure to meet this service requirement does not deprive the individual or h[er] survivors of annuity rights which attached on a previous separation." 5 U.S.C. § 8333(b) (1988). This provision does not make the application of the amendments retroactive, however. Instead, it "precludes the divestment of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time." Esteban, 978 F.2d at 701. Because nothing in the 1942 amendments indicates that they are to be retroactively applied, we conclude that the Board applied the correct statute.
 
 
 5
 Ms. Apostol also argues that the Board erred in determining that she had not met her burden of proving the requisite creditable and covered service under the CSRA because OPM failed to provide the Board with a copy of a document captioned "Service Record," which the Board therefore failed to take into account. It is petitioner's burden to submit evidence to the Board to support her assertion that her employment was both creditable and covered, not OPM's. See Cheeseman, 971 F.2d at 141. Furthermore, such a "Service Record" is a document prepared by the Government Service Insurance System of the Republic of the Philippines. This document is insufficient on its own to establish creditable service because it does not establish that Ms. Apostol was an employee of the Insular Government of the Philippines, as opposed to an employee of a local, municipal or other entity. Such a showing is required for the employment to be creditable. Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. September 21, 1981). Additionally, the record reflects that several searches of the National Personnel Records Center failed to reveal any record of civilian employment which would indicate that Ms. Apostol's service was covered by CSRA. Therefore, petitioner has not shown the existence of any prejudice resulting from the Board's failure to consider the document. See Hanratty v. Department of Transp., 819 F.2d 286, 288 (Fed.Cir.1987).
 
 
 6
 We have considered petitioner's other arguments and find them to be without merit. Because the Board's decision is supported by the record, we affirm.