11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Adoracion S. MADRIDEJO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3358.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1993.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Adoracion S. Madridejo petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE0831920395-I-1, that affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying petitioner's claim of entitlement to a deferred civil service retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 
 2
 On November 16, 1945, Ms. Madridejo was hired as a clerical employee with Headquarters Base X, United States Army Forces Western Pacific, Manila, Philippines. She continued her federal employment in various clerical positions until December 29, 1949, at which time she was separated from Headquarters, Philippines Command, Thirteenth Air Force (HQ PHILCOM), due to a reduction-in-force. Ms. Madridejo was reappointed to a clerical position with HQ PHILCOM on January 30, 1951. Ms. Madridejo resigned her clerical position on August 12, 1951 to accept employment with the American Battle Monuments Commission (ABMC), a position which she held until her separation on November 21, 1951. After separation from ABMC, Ms. Madridejo worked for a private contractor which performed work for the federal government.
 
 
 3
 Since Ms. Madridejo's employment through November, 1951 was "covered" under the CSRA, retirement contributions were deducted from her pay. Upon separation from employment with ABMC, by application dated December 17, 1951, Ms. Madridejo applied for a lump-sum refund of these CSRA deductions. On January 28, 1952, a refund of Ms. Madridejo's retirement deductions in the amount of $42.33 was authorized. Ms. Madridejo did not redeposit this refunded amount.
 
 
 4
 By letter dated March 19, 1974 to the United States Civil Service Commission (CSC), Ms. Madridejo claimed "whatever benefits" she was entitled to receive for her prior federal service. The CSC denied her claim because of the lump-sum disbursement of the retirement deductions.
 
 
 5
 By letter dated February 16, 1988, Ms. Madridejo again requested any benefits due her under the CSRA. After a review of her official personnel folder and her submitted documentation, OPM in an initial decision denied both Ms. Madridejo's informal benefits' claim and her subsequent formal application for a deferred annuity. On July 22 1992, upon motion for reconsideration, OPM affirmed its initial decision that Ms. Madridejo's service did not entitle her to a deferred annuity because she had withdrawn her civil service contributions and therefore had forfeited all future rights to such an annuity. Ms. Madridejo then appealed that decision to the MSPB.
 
 
 6
 On November 24, 1992, the Administrative Judge (AJ) issued an initial decision affirming OPM's decision on two grounds. First, eligibility for a deferred retirement annuity at the time of Ms. Madridejo's separation from federal service required, inter alia, at least five years of creditable service. Act of Jan. 24, 1942, Pub.L. No. 77-411, Sec. 5(a), 56 Stat. 13, 16. In determining the duration of her federal service, the AJ concluded that Ms. Madridejo's period of employment with the private contractor could not properly qualify as either creditable or "covered" service under the CSRA, because there was no evidence that she was appointed to such position by a federal officer acting in his official capacity, and because she otherwise could not satisfy the statutory definition of employee. See 5 U.S.C. Secs. 2105(a)(1), 8331(1) (1988); Watts v. Office of Personnel Management, 814 F.2d 1576, 1579 (Fed.Cir.1987), cert. denied, 484 U.S. 913 (1987). Noting that the total period of Ms. Madridejo's documented, creditable federal service thus fell fourteen days short of the requisite five-year period, the AJ concluded that Ms. Madridejo could not satisfy the statutory durational prerequisite for entitlement to an annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee bears burden of producing evidence to support claim of entitlement to annuity). Second, even if Ms. Madridejo could be deemed to have satisfied the durational requirement, her election to receive a lump-sum refund of her withheld premiums extinguished any right to receive an annuity based on her covered service. 5 U.S.C. Sec. 8342(a) (1988); see Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed.Cir.1985). Although, assuming eligibility, annuity rights may be restored by redepositing refunded contributions with interest, 5 U.S.C. Sec. 8334(d) (1988), Ms. Madridejo neither was eligible to make such redeposit nor made the effort to do so. This initial decision became final upon the full Board's April 9, 1993 order denying her petition for review of the initial decision. 5 C.F.R. Sec. 1201.113(b) (1993). Ms. Madridejo then timely appealed to this court.
 
 
 7
 We review the Board's decision under a narrow standard and must affirm unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 To be eligible for a retirement annuity under the current statute, an employee must complete at least five years of civilian service, and at least one of the last two years of service must be in a position covered by CSRA. 5 U.S.C. Sec. 8333(a), (b) (1988). Failure to meet the "one out of two" covered service requirement of section 8333(b), however, does not deprive a claimant of any annuity rights that may have attached at the time of a previous separation. 5 U.S.C. Sec. 8333(b); see Esteban v. Office of Personnel Management, 978 F.2d 700, 701-03 (Fed.Cir.1992). At the time of Ms. Madridejo's separation from her federal employment, the civil service annuity law in effect also required an individual to have rendered at least five years of civil service for the United States in a position to which the law then applied. Act of Jan. 24, 1942, Pub.L. No. 77-411, Secs. 3, 5(a), 56 Stat. 13, 15, 16 (codified as amended at 5 U.S.C. Secs. 693, 733 (1952)) (current version at 5 U.S.C. Secs. 8331-8333); see also Esteban, 978 F.2d at 703 n. 6 (subsequent amendments to 1942 Act immaterial to five-year requirement).
 
 
 9
 Ms. Madridejo asserts on appeal, as she did below, that the AJ erred in ignoring her creditable federal service between December, 1949 and January, 1951--which she argues is evidenced by an undated authorization card--and therefore underestimated the duration of her federal service. Even if this proffered evidence were sufficient to establish the fact of her creditable federal service during the period in question, Ms. Madridejo cannot escape the fact that she extinguished any rights she may have had to a deferred annuity upon receipt of the lump-sum distribution. That Ms. Madridejo does not recall receiving the payment is insufficient to overturn the Board's finding, based on substantial evidence, that payment was made. The record contains evidence which clearly discloses, inter alia, that payment was authorized, and that Ms. Madridejo was informed in writing that payment would be forthcoming.
 
 
 10
 We thus find nothing in the record before this court that permits us to disturb the Board's decision. Accordingly, the decision of the MSPB is affirmed.