11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Manuel G. SOCO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3350.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before ARCHER, MICHEL and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Manuel G. Soco petitions for review of a decision of the Merit Systems Protection Board ("MSPB"), Docket No. SE-0831-93-0100-I-1, that affirmed a decision of the Office of Personnel Management ("OPM"), which held that Soco was not entitled to an annuity under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. Secs. 8331 et seq. We affirm.
 
 DISCUSSION
 
 2
 Soco argues that the administrative judge erred by failing to observe the "saving provisions" of the 1978 CSRA. To determine entitlement to a retirement annuity under such provisions, the civil service retirement law in effect at the time of an employee's separation must be applied. See, e.g., Esteban v. Office of Personnel Management, 978 F.2d 700, 701-02 (Fed.Cir.1992). The law in effect during the relevant time period was the Civil Service Retirement Act of May 29, 1930, which required that an employee have completed at least 15 years of creditable service, left the service from a position covered by the CSRA and attained the age of between 45 and 55 years at the time of leaving federal service. See, e.g., id.; and Oliveros v. Office of Personnel Management, 49 M.S.P.R. 360, 363 (1991).
 
 
 3
 In the present case, the uncontroverted evidence demonstrates that Soco was only 29 years of age at the time of separation on November 15, 1935, and had less than 10 years of service. Thus, Soco failed to satisfy both the age and tenure requirements of the 1930 CSRA.
 
 
 4
 Soco responds that the administrative judge erred by failing to take into account that the 1930 CSRA was "repealed" by the 1942 amendments to the Act. Under the 1942 amendments, Pub.L. 77-411, Congress expanded the CSRA to include "all officers and employees in or under the executive, judicial, and legislative branches of the United States Government," regardless of whether the employee had been appointed to a position in the classified civil service, and reduced the service requirement for a deferred annuity from 15 years to 5 years. The 1942 amendments, however, had no retroactive applicability to Soco's claim. For that reason, OPM's reliance on the 1930 CSRA was appropriate.
 
 
 5
 In short, because Soco failed to meet the age and tenure requirements of the 1930 CSRA and because the 1930 CSRA is applicable in the present case, the MSPB's denial of a retirement annuity to Soco was not "arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988). Accordingly, we affirm.