17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jose R. FLORES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3396.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1994.
 
 Before ARCHER, MICHEL, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Jose R. Flores petitions for review of the January 11, 1993 initial decision of the Merit Systems Protection Board (board), Docket No. SE0831920417-I-1, affirming a reconsideration decision of the Office of Personnel Management (OPM) deciding Flores was not entitled to an annuity pursuant to the Civil Service Retirement Act (CSRA). Pub.L. No. 71-279, Ch. 349, 46 Stat. 468 (1930). The initial decision became final on April 27, 1993 when the board denied Flores' petition for review. We affirm.
 
 DISCUSSION
 I.
 
 2
 On January 27, 1989, Flores mandatorily retired from his position as a truck driver after over 32 years of creditable service with the United States Navy at the Subic Bay Public Works Center in the Philippines. He then received retirement benefits based on these years of service in accordance with the provisions of the base labor agreement. Flores also applied for a retirement annuity under the CSRA even though retirement deductions were never withheld from his pay. OPM denied Flores' application and he then appealed to the board.
 
 
 3
 The administrative judge (AJ) affirmed OPM's decision that Flores did not meet the requirements under CSRA. The AJ determined that Flores was excluded by regulation from coverage under the CSRA because Flores was employed under an excepted service indefinite appointment. On appeal, Flores argues that the board failed to recognize that his appointment was changed when his tenure status converted in 1962 from indefinite to unrestricted and that the OPM regulation relied on to exclude him from CSRA coverage is contrary to law.
 
 II.
 
 4
 In order to be entitled to a civil service retirement annuity based on a separation after August 31, 1954, an applicant must have completed a minimum of five years of creditable service, ending with at least one year of service in the final two years of service that is covered by the CSRA. 5 U.S.C. Sec. 8333(b). See Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed.Cir.1992). As discussed below, Flores has not met the requirement of having at least one year in his final two years of service in a position covered by the CSRA and, accordingly, he is not entitled to a retirement annuity.
 
 
 5
 To support his argument that beginning January 14, 1962 his position was converted from an indefinite appointment to a permanent appointment within the CSRA, Flores relies on his SF-50, Notification of Personnel Action, changing his status from Tenure Group III, for those serving under a temporary or indefinite appointment not limited to an exact time or date, to Tenure Group I, for those with unrestricted tenure. Flores contends that this made his appointment no longer indefinite.
 
 
 6
 We agree with the board that this argument is unpersuasive. Flores' indefinite appointment was never changed even though he was changed to a different Tenure group. Moreover, Flores never had retirement deductions taken from his pay. Accordingly, Flores did not serve in a position that was covered by the CSRA as required for a retirement annuity.
 
 
 7
 Flores also argues that when Congress revised the CSRA in 1956, it effectively precluded OPM from excluding indefinite appointments from coverage under the CSRA. Prior to the 1956 amendments, the CSRA allowed the exclusion of employees "whose tenure of office or employment is intermittent or of uncertain duration." Pub.L. No. 77-411, 56 Stat. 13 (Jan. 24, 1942). In 1956, the CSRA was amended to allow exclusion of those "whose tenure of office or employment is temporary or intermittent." Pub.L. No. 84-854, 70 Stat. 743 (July 31, 1956). Flores contends that Congress intended by this change to exclude indefinite appointments from the list of statutory exceptions to coverage under the CSRA. We are not persuaded. The prior statutory language "of uncertain duration" included indefinite appointments and the change in statutory language from "of uncertain duration" to 'temporary" does not alter the scope of the statute. Furthermore, as pointed out by the board, the legislative history does not support Flores' position but rather demonstrates Congress intended no change in the scope of the exclusion.
 
 
 8
 We must affirm the board's decision unless it is arbitrary, capricious, not in accordance with the law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Phillips v. United States Postal Service, 695 F.2d 1389 (Fed.Cir.1982). After carefully reviewing all of Flores' arguments and the evidence presented, we conclude that under this standard of review the board's decision must be affirmed.