19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rufino D. MIGUEL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3387.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1994.
Rehearing Denied March 25, 1994.
 
 Before ARCHER and MICHEL, Circuit Judges, and SMITH, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Rufino D. Miguel appeals from a decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE-0831-92-0403-I-1, which sustained a reconsideration decision of the Office of Personnel Management denying Miguel's application for a deferred annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq.[1] We affirm.
 
 DISCUSSION
 
 2
 On May 9, 1991, Miguel applied for deferred retirement under the CSRA based upon service rendered from 1921 to 1945 and from 1946 to 1967. The MSPB found Miguel was an employee of the Philippine Insular Government from November, 16, 1921 to November 15, 1935, when the independent Philippine Commonwealth Government came into being, and that all of Miguel's other service was with the national government of the Philippines.
 
 
 3
 An employee may be entitled to an annuity under the CSRA if he meets the current requirements, as set forth in 5 U.S.C. Sec. 8333 (1988), or if he qualified for an annuity under the law in effect at the time of an employee's separation from service, 5 U.S.C. Sec. 8333(b); see Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed.Cir.1992). For the purposes of determining eligibility, the CSRA classifies qualifying government service as "creditable service" or as "covered service." Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). To qualify under the current requirements, an employee must complete at least five years of creditable service, 5 U.S.C. Sec. 8333(a), and within the last two years before any separation from service the employee must complete at least one year of covered service. 5 U.S.C. Sec. 8333(b). Although service rendered to the Philippine Insular Government is creditable service under the CSRA, it is not covered service. Esteban, 978 F.2d at 701. The board found no evidence that Miguel ever served under a civil service appointment for the United States Government. Thus, Miguel has not rendered any covered service and has failed to meet the covered service requirement of Sec. 8333(b). Miguel therefore does not qualify for an annuity under the current requirements.
 
 
 4
 As stated above, Miguel would be entitled to an annuity if he qualified under the law in effect at the time of his separation from service. Miguel worked for the Philippine Insular Government from 1921 to 1935, and he spent the rest of his career with the national government of the Philippines. Since the national government of the Philippines is not a part of the United States Government, service rendered to the national government of the Philippines can not be used to qualify under the CSRA.
 
 
 5
 The only time when Miguel separated from qualifying service was when his service with the Philippine Insular Government ended in 1935. The requirements in force in 1935 were specified in the Civil Service Retirement Act of 1930, ch. 349, 46 Stat. 468. The board correctly held that the 1930 Act required that an employee have completed fifteen years of service. Esteban, 978 F.2d at 702. The board found that upon his separation from service in November of 1935, Miguel had only completed fourteen years of service. Accordingly, the board correctly determined that Miguel was not entitled to receive an annuity upon his separation in 1935.
 
 CONCLUSION
 
 6
 We must affirm a decision of the board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). For the foregoing reasons we affirm the decision of the Merit Systems Protection Board which sustained the determination of the Office of Personnel Management.
 
 
 
 [1]
 The January 4, 1993, initial decision of the administrative judge became the final decision of the MSPB on April 27, 1993, when the MSPB denied Miguel's petition for review