47 F.3d 1181
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Saturnino M. MANGLICMOT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3600.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1995.
Rehearing Denied Feb. 17, 1995.
 
 Before RICH, CLEVENGER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Saturnino Manglicmot challenges the decision of the Merit Systems Protection Board ("Board") in Docket Number SE0831940033-I-1, in which the Board upheld the decision of the Office of Personnel Management ("OPM") denying Manglicmot's request for retirement benefits under the Civil Service Retirement Act ("CSRA"). We affirm.
 
 DISCUSSION
 
 2
 On February 27, 1993, Manglicmot applied to OPM for a retirement annuity based on his service as a civilian employee of the United States Navy. Manglicmot served from December 2, 1960, until March 26, 1983, with the Navy Special Services Department ("Navy SSD") at the U.S. Naval Station at Subic Bay, Philippines. He was terminated from that service as part of a reduction in force. Thereafter, Manglicmot served for several periods, totaling approximately six years and seven months, with the Navy Public Works Center at Subic Bay.
 
 
 3
 OPM denied Manglicmot's application. In its initial decision, OPM concluded that Manglicmot was not eligible for an annuity because he satisfied neither of the two statutory requirements: five years of service creditable under the CSRA and at least one year of "covered service" in his final two years of federal employment. See 5 U.S.C. Sec. 8333(a), (b) (1988); Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed.Cir.1992). Upon reconsideration, OPM determined that although Manglicmot had completed more than five years of creditable service, he did not have the required one year of covered service during the last two years before his separation. OPM therefore affirmed its initial decision.
 
 
 4
 On Manglicmot's appeal, the Board determined that he had completed five years of creditable service and had at least one year of covered service during his final two years of service; therefore, the Board ruled, he was eligible for an annuity. Because Manglicmot had completed a total of only six years and seven months of creditable service, however, the Board ruled that he was not entitled to a "discontinued service annuity" conferring immediate retirement benefits. See 5 U.S.C. Sec. 8336(d) (1988). Instead, the Board concluded, he was entitled only to a deferred annuity, to begin upon his attaining age 62.
 
 
 5
 Manglicmot argues that the Board erred in holding that the period of his employment by the Navy SSD did not constitute creditable service within the meaning of the CSRA. The Board correctly rejected that argument. The service of employees paid from nonappropriated funds while employed by nonappropriated fund instrumentalities under the jurisdiction of United States armed forces is generally not creditable under the CSRA. See 5 U.S.C. Sec. 2105(c) (Supp. V 1993). The Navy SSD was a nonappropriated fund instrumentality under the jurisdiction of the United States armed forces, and Manglicmot is therefore not entitled to retirement credit for the period of his employment with that entity. He also is not entitled to credit under 5 U.S.C. Sec. 8332(b)(16) (1988) for his employment with the Navy SSD prior to January 1, 1966, because he was not a United States employee on November 9, 1986.
 
 
 6
 There is no merit to Manglicmot's argument that he is entitled to CSRA credit for his service with the Navy SSD because documents prepared by the Navy and by OPM suggested that his service was creditable. The documents on which Manglicmot relies do not indicate that either the Navy or OPM had determined that his service with the Navy SSD was creditable under the CSRA. In any event, Manglicmot would be entitled to retirement credit for that service only if a statute so provided; no Navy or OPM determination can create an entitlement that is not provided by statute. See Office of Personnel Management v. Richmond, 496 U.S. 414 (1990).