60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jaime A. FLORITA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3316.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for leave to file out of time a motion for summary affirmance of the Merit System Protection Board's decision holding that Jaime A. Florita was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq., with motion attached. Florita has not responded.
 
 
 2
 Florita was employed periodically from 1946 until 1970 by the Department of the Navy in Subic Bay, the Philippines. In 1991, Florita applied for retirement benefits under the CSRA. OPM denied Florita's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) found that Florita served a series of appointments: (1) from 1946 to 1949, (2) during 1950, and (3) from 1952 to 1970. The AJ determined that Florita's pre-1954 service was less than five years and, thus, that Florita did not qualify for an annuity under the Civil Service Retirement Act of 1942. The AJ determined that Florita's post-1954 service consisted entirely of excepted, indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). The AJ thus concluded that while Florita had completed eighteen years of creditable federal civilian employment in post-1954 service, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Florita petitioned this court for review.
 
 
 3
 This court stayed Florita's petition for review pending the disposition of Rosete v. Office of Personnel Management, 94-3342. In that case, Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed. Cir. 1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Florita was not entitled to retirement benefits should be summarily affirmed. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). First, Rosete is dispositive only in regard to the AJ's determination that Florita was not entitled to retirement benefits on the basis of Florita's later service. From 1952 to 1970, Florita served under a Rosete-like indefinite appointment in the excepted service. Further, the Board found that there was no evidence that Florita made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 Second, we consider whether the AJ's determination that Florita was not entitled to retirement benefits on the basis of his earlier service may be summarily affirmed in accordance with our holding in Esteban v. Office of Personnel Management, 978 F.2d 700, 703-04 (Fed. Cir. 1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Id. at 703-04. Florita similarly failed to establish that he was eligible for retirement benefits under the 1942 Act because his employment from 1946 to 1950 did not meet the statutory requirement of five years. Thus, Esteban is dispositive of the AJ's determination that Florita was not eligible for retirement benefits on the basis of his earlier service.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for leave to file its summary affirmance motion out of time is granted.
 
 
 8
 (2) OPM's motion for summary affirmance is granted.
 
 
 9
 (3) Each side shall bear its own costs.