62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eminiano V. DELA ROSA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3437.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge. and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Eminiano V. Dela Rosa was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Dela Rosa has not responded.
 
 
 2
 Dela Rosa was employed periodically from 1947 until 1991 by the Department of the Air Force at Clark Air Force Base, in the Philippines. In 1991, Dela Rosa was separated when the base closed, and he applied for retirement benefits under the CSRA. OPM denied Dela Rosa's application. Dela Rosa appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Dela Rosa had served under a series of appointments: (1) from 1947 to 1948, (2) during 1949, (3) during 1951, (4) from 1953 to 1958, and (5) from 1958 to 1991.
 
 
 3
 The AJ determined that the third appointment, during 1951, was creditable, covered service. The AJ concluded, however, that Dela Rosa did not have five years of service, as required by the 1942 Act, in order to be eligible for an annuity. The AJ determined that Dela Rosa served under either excepted, indefinite or "temporary" appointments during the last two periods of service that were specifically excluded from coverage. See 5 C.F.R. Sec. 831.201(a)(1) and (a)(13). Finally, the AJ rejected Dela Rosa's argument that the service from 1953 to 1991 was covered on the basis of continuity of service from the 1951 covered position. The AJ determined:
 
 
 4
 One of the problems with this argument is that there is no continuity; there is a two-year break in service between appellant's employment in a covered position from October 5, 1951, to October 17, 1951, and his service under appointments excluded from CSRA coverage from October 8, 1953, to October 1, 1991.
 
 
 5
 (Emphasis added). The AJ thus affirmed OPM's decision. Dela Rosa petitioned this court for review.
 
 
 6
 This court recently addressed some of the issues raised by Dela Rosa. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Id. at 520.
 
 
 7
 OPM asserts that "Dela Rosa has not raised any issue of law that has not been conclusively determined by the recent decision of this court in [Rosete ]." Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). First, we note that 5 U.S.C. Sec. 8347(g) specifically excludes temporary appointments from qualifying as covered service. Second, Rosete is dispositive only in regard to the AJ's determination that Dela Rosa was not entitled to retirement benefits on the basis of Dela Rosa's later service. From 1953 to 1991, served under Rosete -like indefinite appointments in the excepted service. Further, the AJ found that there was no evidence that Dela Rosa made contributions to the civil service retirement fund or that Dela Rosa received a permanent appointment.
 
 
 8
 We consider whether Dela Rosa's ineligibility for retirement benefits on the basis of his earlier service is controlled by our holding in Esteban v. Office of Personnel Management, 978 F.2d 700, 703-04 (Fed.Cir.1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Id. at 703-04. Dela Rosa similarly failed to establish that he was eligible for retirement benefits under the 1942 Act because his employment from 1947 to 1951 did not meet the statutory requirement of five years. Thus, Esteban is dispositive of Dela Rosa's ineligibility for retirement benefits on the basis of his earlier service. With regard to Dela Rosa's continuity of service argument, we note that the AJ correctly determined that Dela Rosa did not have continuity of service.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) OPM's motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.