62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Felisa G. DELOS SANTOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3622.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Felisa G. Delos Santos was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Delos Santos has not responded.
 
 
 2
 Delos Santos was employed from February 1946 until June 1946 by the Department of the Army at Fort William McKinley, Philippines. Delos Santos states that she was also employed by the Department of the Army from May 1945 until December 1945 and by the family of an Air Force colonel for an additional two years. In 1993, Delos Santos applied for retirement benefits under the CSRA. OPM denied Delos Santos' application, and she appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that even if Delos Santos' claimed service were creditable and covered by the CSRA, it was not sufficient to confer annuity rights because it totaled less than the requisite five years of civilian service. Delos Santos petitioned this court for review.
 
 
 3
 OPM argues that the Board's decision that Delos Santos was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We disagree. In the present case, the AJ determined that Delos Santos did not meet the 5-year creditable service requirement for pre-1954 service. This issue was not addressed by the court in Rosete.
 
 
 4
 The court, sua sponte, considers whether Delos Santos' petition for review should be summarily affirmed in accordance with our holding in Esteban v. Office of Personnel Management, 978 F.2d 700 (Fed.Cir.1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Delos Santos similarly failed to show that she was eligible for retirement benefits under the 1942 Act, because her employment did not meet the statutory requirement of five years. Thus, Esteban is dispositive of the AJ's determination that Delos Santos was not eligible for retirement benefits on the basis of her pre-1954 service.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) OPM's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.