64 F.3d 672
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Noli S. NACPIL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3050.
 United States Court of Appeals, Federal Circuit.
 July 10, 1995.
 
 Rehearing Denied; Suggestion for Rehearing In Banc Declined
 Nov. 8, 1995.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Noli S. Nacpil was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. We treat OPM's motion as a motion for leave to file an overlong motion. Nacpil submits an overlong opposition fifteen days out of time. We, sua sponte, grant him an extension of time to file an overlong opposition.
 
 
 2
 Nacpil was employed by the Department of the Air Force at Clark Air Base, Philippines from 1946 until 1947, from 1950 until 1959, and from 1962 until 1984, when he reached mandatory retirement age. In 1993, Nacpil applied for retirement benefits under the CSRA. OPM denied Nacpil's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Nacpil's service from 1946 until 1947, from 1950 until 1951, and from 1962 until 1984 was either under temporary appointments or under excepted, indefinite appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(12)-(13). The AJ also determined that Nacpil's service from 1951 until 1959 was creditable, covered service, but that Nacpil had requested and received a refund of his retirement deductions when he was separated in 1959. The AJ concluded that Nacpil forfeited his right to an annuity when he accepted the refund and that he was not eligible to redeposit the amount because he was not subsequently reemployed subject to the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8342(a); 5 U.S.C. Sec. 8347(g). Nacpil petitioned this court for review.
 
 
 3
 This court stayed Nacpil's petition for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Nacpil was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, Rosete is dispositive only in regard to the AJ's determination that Nacpil's later service was not covered service within the meaning of the CSRA. From 1962 until 1984, Nacpil served either under Rosete-like indefinite appointments in the excepted service or under temporary appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, the Board found that there was no evidence that Nacpil made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Nacpil was not entitled to retirement benefits based on his service from 1951 until 1959 because he had received a refund of his retirement contributions, we consider whether that determination may be summarily affirmed in accordance with our holding in Yarbrough v. Office of Personnel Management, 770 F.2d 1056 (Fed. Cir. 1985). In Yarbrough, we held that an employee's annuity rights were forfeited where the employee received a lump-sum payment of her retirement contributions and was never reemployed in the civil service after her separation. Yarbrough, 770 F.2d at 1060. Thus, Nacpil forfeited his annuity rights when he received a refund of his retirement contributions and was not reemployed in a position covered under the CSRA.
 
 
 6
 With regard to the AJ's determination that Nacpil was not entitled to retirement benefits on the basis of his service from 1946 until 1947 and from 1950 until 1951, we consider whether that determination may be summarily affirmed in accordance with our holding in Esteban v. Office of Personnel Management, 978 F.2d 700 (Fed. Cir. 1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Similarly, Nacpil failed to show that he was eligible for retirement benefits under the 1942 Act, because his employment from 1946 until 1947 and from 1950 until 1951 did not meet the statutory requirement of five years.
 
 
 7
 In his opposition, Nacpil argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) OPM's motion for summary affirmance is granted.
 
 
 10
 (2) OPM's motion for leave to file an overlong motion is granted.
 
 
 11
 (3) Each side shall bear its own costs.