70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Taurino C. LIM, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3382.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge and SCHALL, Circuit Judge.
 DECISION
 SMITH, Senior Circuit Judge.
 
 
 1
 Taurino C. Lim petitions for review of the final decision of the Merit Systems Protection Board (Board), Docket No. SE-0831-94-0206-I-1, which sustained a reconsideration decision by the Office of Personnel Management (OPM) which held that Mr. Lim was not entitled to a deferred annuity under the Civil Service Retirement Act (CSRA) for his service with the Philippine government.[1] Because the Board failed to consider whether Mr. Lim is covered under the current CSRA, we reverse and remand on that issue.
 
 Facts
 
 2
 Mr. Lim entered service with the Philippine Constabulary on January 26, 1929 and was employed by the then existing Philippine Insular Government. On November 15, 1935, the Philippine Insular Government ended with the establishment of the Philippine Commonwealth Government. Subsequently, the Philippine Constabulary was incorporated into the Philippine Army from which Mr. Lim was honorably discharged on January 25, 1941.
 
 Proceedings Below
 
 3
 In 1992, Mr. Lim applied for a deferred annuity under the CSRA based on his service with the Philippine government. OPM denied Mr. Lim's application and on reconsideration explained that there was no record that Mr. Lim had ever served in a position covered by the CSRA. On appeal, the Board affirmed OPM's disallowance based on the retirement law in effect on November 15, 1935, the day Mr. Lim ceased being a federal employee due to the establishment of the Commonwealth. The Board found that Mr. Lim did not have vested rights to a deferred annuity under the 1935 CSRA because (i) he served only six years and ten months of creditable service instead of the minimum of fifteen years and (ii) he was only twenty-five years of age instead of the minimum of forty-five years of age.
 
 Eligibility Under 1935 Retirement Law
 
 4
 This court reviews a Board decision under a narrow standard and must affirm the decision unless it is found to be (i) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (ii) obtained without procedures required by law, rule or regulation having been followed; or (iii) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 There is substantial evidence to support the Board's determination that Mr. Lim's service with the Philippine Insular Government is creditable service up to November 15, 1935 when he was involuntarily separated from federal employment due to the establishment of the Philippine Commonwealth Government. See Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. Sept. 17, 1986); Esteban v. Office of Personnel Management, 978 F.2d 700, 702-704 (Fed.Cir.1992). There is also substantial evidence to support the Board's determination that Mr. Lim did not qualify for a deferred annuity under the 1935 retirement law; therefore, we affirm the decision of the Board on that issue.
 
 Eligibility Under Current Retirement Law
 
 6
 Mr. Lim will be eligible for a deferred annuity if he meets the requirements under either the retirement law in effect when he separated from employment or current retirement law. Villanueva v. Office of Personnel Management, 980 F.2d 1431, 1432 (Fed.Cir.1992) (citing Esteban at 701); Madrigal v. Office of Personnel Management, 67 M.S.P.R. 461, 462 (1995), on remand from, 29 F.3d 644 (Fed.Cir.1994) (although employee did not qualify under the law in effect when she separated from service, she could still qualify for retirement annuity if she met the current CSRA requirements); Oliveros v. Office of Personnel Management, 49 M.S.P.R. 360, 362 (1991). Accordingly, the Board erred by not considering whether Mr. Lim qualifies for a deferred annuity under the current CSRA.
 
 
 7
 Under the current CSRA, an employee is eligible for an annuity if he has (i) completed at least five years of "creditable" civilian service and (ii) completed at least one year of "covered" service within the last two years prior to separating from service. 5 U.S.C. Sec. 8333(a)-(b) (1994); Esteban at 701; Madrigal at 462; Sanez v. Office of Personnel Management, 58 M.S.P.R. 184, 185-86 (1993). Although the Board determined that Mr. Lim had six years and ten months of "creditable" service, it did not determine whether he satisfied the "covered" service requirement. Therefore, we remand the case for further consideration whether Mr. Lim's service satisfies the "covered" service requirement and whether he is eligible for a deferred annuity under the current retirement law.
 
 
 8
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
 
 
 
 [1]
 Mr. Lim did not petition the Board for review of its April 1, 1995 initial decision; therefore, the initial decision became the final decision of the Board. See 5 C.F.R. Sec. 1201.113