98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gaudencio A. BEGOSA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3168.
 United States Court of Appeals, Federal Circuit.
 Sept. 10, 1996.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gaudencio A. Begosa appeals a decision of the Merit Systems Protection Board, affirming an Office of Personnel Management reconsideration decision denying his retirement annuity request. The initial decision became final on February 7, 1996, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decision within narrowly defined statutory limits. Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Unless Begosa establishes that the decision was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence, we must affirm the board's decision. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 To receive annuity benefits under the Civil Service Retirement Act (CSRA), employment must be both creditable and covered. Id. § 8333(a)-(b). Most government service is creditable. See Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). But the Administrative Judge found that Begosa accrued less than fifteen years of creditable service, and he has not shown that the finding was unsupported by substantial evidence. Consequently, he has not established that he accrued the service necessary to fulfill the requirements of the 1930 version of the civil service retirement law. See Estaban v. Office of Personnel Management, 978 F.2d 700, 702 (Fed.Cir.1992). Nor has he shown that his service is coverable under the current CSRA. For Begosa's service to constitute covered service, he had to have deposited part of his basic pay into the Civil Service Retirement and Disability Fund. Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed.Cir.1995). Begosa has not demonstrated that he fulfilled the retirement deduction requirements that would qualify him for annuity benefits. 5 U.S.C. § 8333(c) (1994); Rosete, 48 F.3d at 516.
 
 
 4
 The board's decision was not arbitrary or capricious, contrary to law, or unsupported by substantial evidence. Therefore, Begosa is ineligible for annuity benefits.