62 F.3d 1432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Corsino G. DALINDIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3035.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Corsino G. Dalindin was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Dalindin has not responded.
 
 
 2
 Dalindin was employed by the Department of the Navy in Subic Bay, Philippines from 1948 until 1950, from January 1952 until April 1954, from October 1954 until December 1955, and from 1959 until 1985. In 1993, Dalindin applied for retirement benefits under the CSRA. OPM denied Dalindin's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that while the nature of Dalindin's service from 1948 until 1950 was unclear, it was not sufficient to confer annuity rights because it totaled less than the requisite five years of civilian service. The AJ also determined that Dalindin's service from 1952 until 1954, from 1954 until 1955, and from 1959 until 1985 was either under appointments limited to one year or less or under indefinite, excepted appointments, all of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1), (a)(12) and (a)(13). Thus, the AJ concluded that while Dalindin had completed at least five years of creditable federal civilian employment in post-1954 service, he had not been employed in a position covered by the CSRA for at least one of his last two years of service. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Dalindin petitioned this court for review.
 
 
 3
 This court stayed Dalindin's petition for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Dalindin was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, Rosete is dispositive only in regard to the AJ's determination that Dalindin was not entitled to retirement benefits on the basis of his later service. From 1952 until 1985, Dalindin served either under Rosete-like indefinite appointments in the excepted service or under temporary appointments that are specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, the Board found that there was no evidence that Dalindin made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Dalindin was not entitled to retirement benefits on the basis of his earlier service, we consider whether that determination may be summarily affirmed in accordance with our holding in Esteban v. Office of Personnel Management, 978 F.2d 700 (Fed.Cir.1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Dalindin similarly failed to show that he was eligible for retirement benefits under the 1942 Act, because his employment from 1948 until 1950 did not meet the statutory requirement of five years. Thus, Esteban is dispositive of the AJ's determination that Dalindin was not eligible for retirement benefits on the basis of his earlier service.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.