62 F.3d 1433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose T. SANTOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3483.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Jose T. Santos was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq., with motion attached. Santos has not responded.
 
 
 2
 Santos was employed for a short period in 1948 and from 1966 until 1990 by the Department of the Navy in Subic Bay, the Philippines. In 1990, Santos retired, and he applied for retirement benefits under the CSRA. OPM denied Santos's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) found that Santos served under a series of "indefinite" appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(12) and (a)(13). Although the AJ did not make specific findings, it appears that Santos served from February 2, 1948, to March 16, 1948, and from September 29, 1966, to August 24, 1990, under a series of temporary and excepted, indefinite appointments. The AJ thus concluded that while Santos had completed some twenty-four years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Santos petitioned this court for review.
 
 
 3
 This court stayed Santos's petition for review pending the disposition of Rosete v. Office of Personnel Management, 94-3342. In that case, Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed.Cir.1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Santos was not entitled to retirement benefits should be summarily affirmed. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). First, Rosete is dispositive only in regard to the AJ's determination that Santos was not entitled to retirement benefits on the basis of Santos's post-1954 service. From 1966 to 1990, Santos served under a Rosete-like indefinite appointments in the excepted service. Second, we note that 5 U.S.C. Sec. 8347(g) specifically excludes "temporary" appointments from qualifying as covered service. Further, the Board found that there was no evidence that Santos made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 Third, although neither party raises the issue, we consider sua sponte whether Santos's ineligibility for retirement benefits based on his pre-1954 service is controlled by our holding in Esteban v. Office of Personnel Management, 978 F.2d 700, 703-04 (Fed.Cir.1992). In Esteban, we stated that pursuant to 5 U.S.C. Sec. 8333(b), an employee may not be divested of annuity rights where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Id. at 703-04. Santos similarly failed to establish that he was eligible for retirement benefits under the 1942 Act because his employment in 1948 did not meet the statutory requirement of five years. Thus, Esteban is also dispositive of the AJ's determination that Santos was not eligible for retirement benefits.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.