64 F.3d 672
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lucia A. DELA CRUZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3185.
 United States Court of Appeals, Federal Circuit.
 July 10, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management moves for summary affirmance of the Merit System Protection Board's decision holding that Lucia A. Dela Cruz was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. We treat Dela Cruz's submission entitled "Informal Reply" as a motion for leave to supplement her informal brief.
 
 
 2
 Dela Cruz was employed by the Department of the Air Force at Clark Air Base, Philippines from 1948 until 1953, for two weeks in 1958, and from 1965 until 1989. In 1989, Dela Cruz retired, and she applied for retirement benefits under the CSRA. OPM denied Dela Cruz's application, and she appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Dela Cruz's service in 1958 and from 1965 until 1989 was under two excepted, indefinite appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(2), (a)(12) and (a)(13). The AJ also determined that Dela Cruz's service from 1948 until 1953 may have been creditable, covered service, but that Dela Cruz had served less than five years and had received a refund of her retirement deductions when she was separated in 1953. The AJ concluded that Dela Cruz had forfeited her right to an annuity when she accepted the refund and that she was not eligible to redeposit the amount because she was not subsequently reemployed subject to the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8342(a); 5 U.S.C. Sec. 8347(g). Dela Cruz petitioned this court for review.
 
 
 3
 This court recently considered one of the issues raised by Dela Cruz. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Dela Cruz was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, Rosete is dispositive only in regard to the AJ's determination that Dela Cruz's later service was not covered service within the meaning of the CSRA. In 1958 and from 1965 until 1989, Dela Cruz served under two Rosete-like indefinite appointments in the excepted service. Further, the Board found that there was no evidence that Dela Cruz made contributions to the civil service retirement fund or that she was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Dela Cruz was not entitled to retirement benefits based on her earlier service because she had received a refund of her retirement contributions, we consider whether that determination may be summarily affirmed in accordance with our holding in Yarbrough v. Office of Personnel Management, 770 F.2d 1056 (Fed. Cir. 1985). In Yarbrough, we held that an employee's annuity rights were forfeited where the employee received a lump-sum payment of her retirement contributions and was never reemployed in the civil service after her separation. Yarbrough, 770 F.2d at 1060. Similarly, Dela Cruz forfeited her annuity rights when she received a refund of her retirement contributions and was not reemployed in a position covered under the CSRA. Additionally, Dela Cruz was not employed for the requisite five year period. See Esteban v. Office of Personnel Management, 978 F.2d 700 (Fed. Cir. 1992) (noting that the 1942 Act provided a deferred annuity for employees having at least five years of service at the termination of their employment).
 
 
 6
 In her reply, Dela Cruz argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Dela Cruz's motion for leave to supplement her informal brief is granted.
 
 
 10
 (3) Each side shall bear its own costs.