64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry N. FELARCA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3249.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Henry N. Felarca challenges the decision of the Merit Systems Protection Board (Board), Docket Number SE-0831-94-0250-I-1, in which the Board upheld the decision of the Office of Personnel Management (OPM) denying Felarca's request for retirement benefits under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 Felarca applied to OPM for a retirement annuity based on his service as a civilian employee of the United States Navy at Subic Bay, the Philippines. Felarca worked under a series of temporary appointments beginning on October 2, 1978. Except for a three-year period when he worked under an indefinite appointment, he continued to serve under temporary one-year appointments until February 22, 1987, when his appointment was designated an excepted appointment with no time limitation. On September 30, 1992, Felarca was terminated under a reduction in force. Effective the following day, he commenced a temporary appointment that ended on October 30, 1992. At no time during his service did Felarca contribute to the Civil Service Retirement and Disability Fund, and the forms documenting his appointment to and termination from his excepted service appointment designated his retirement status as "5" or "other," i.e., not covered by the CSRA.
 
 
 3
 OPM denied Felarca's application for retirement benefits under the CSRA on the ground that his employment was not subject to CSRA coverage. The Board affirmed, holding that Felarca did not meet his burden of proving that he was entitled to retirement benefits. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed. Cir. 1986), cert. denied, 479 U.S. 1037 (1987). In particular, the Board explained, Felarca failed to show that he satisfied the statutory requirement of having at least one year of "covered service" in his final two years of federal employment. See 5 U.S.C. Sec. 8333(b) (1988); Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed. Cir. 1992). The Board noted that Felarca's personnel record indicated that his retirement status was "other" than the CSRA and that Felarca did not have any of his pay withheld for CSRA retirement contributions. The Board added that Felarca failed to produce any direct evidence that he was ever covered under the CSRA.
 
 
 4
 On appeal, Felarca argues that he was employed under an excepted appointment without tenure limitation, and that under such an appointment he is entitled to CSRA benefits. The Board was correct, however, in concluding that Felarca failed to satisfy his burden of establishing eligibility. The CSRA provides benefits only to those individuals who perform covered service. The absence of a tenure limitation in an appointment does not mean that service under that appointment is necessarily "covered." In some cases, such as when the employee is subject to some retirement system other than the Civil Service Retirement System, service under a permanent appointment is not covered service and does not entitle the employee to CSRA benefits. The designations on Felarca's employment records and the fact that Felarca made no contributions to the Civil Service Retirement and Disability Fund indicate that he was not engaged in covered service during any period of his federal employment and therefore is not entitled to CSRA retirement benefits.