79 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Erlinda Y. GUZMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3285.
 United States Court of Appeals, Federal Circuit.
 March 1, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
April 16, 1996.
 
 ARCHER, Chief Judge, NIES, Senior Circuit Judge,* and LOURIE, Circuit Judge.
 ARCHER, Chief Judge.
 
 
 1
 Erlinda Y. Guzman (Guzman) appeals the final decision of the United States Merit Systems Protection Board (MSPB or board), Docket No. SE-0831-94-0504-I-1, determining that she is not entitled to retirement benefits under the Civil Service Retirement Act (CSRA or Act), 5 U.S.C. § 8331 et seq. (1994), because her service was paid from nonappropriated funds. We affirm.
 
 BACKGROUND
 
 2
 On November 18, 1966, Guzman was hired by the Department of the Air Force (Air Force) at Clark Air Force Base in the Phillippines as a "Janitor, Non-Appropriated Fund Personnel, NTE [Not to Exceed] 11-17-67." Although the Air Force subsequently terminated her employment on March 15, 1967 due to the lack of available funds, the Air Force rehired Guzman on May 8, 1967, again as a "Janitor, Non-Appropriated Fund Personnel, NTE [Not to Exceed] 05-07-68." On May 8, 1968, the Air Force converted Guzman's employment status to "Janitor, Non-Appropriated Fund Personnel, Indefinite." Over the next few years, Guzman obtained several promotions, including a promotion to "Hotel Attendant." On August 1, 1977, pursuant to a reduction-in-force, the Air Force reclassified Guzman as a part-time employee, "Hotel Attendant, Non-Appropriated Fund Personnel, Indefinite (Part-time)," but on March 26, 1979, the Air Force returned her to full-time status. Finally, on November 26, 1991, the Air Force terminated Guzman's employment pursuant to a reduction-in-force due to the closure of Clark Air Force Base. Throughout Guzman's Air Force employment her status was "Non-Appropriated Fund Personnel."
 
 
 3
 Some two years later, Guzman filed an application for CSRA retirement benefits with the Office of Personnel Management (OPM). OPM denied the application based on the fact that Guzman had never served in a position subject to the Act. Guzman requested reconsideration, but OPM denied the request. Guzman subsequently appealed OPM's decision to the MSPB.
 
 
 4
 On October 31, 1994, the administrative judge (AJ) issued the initial decision for the MSPB. The AJ recognized that neither party disputed that all of Guzman's service had been paid from nonappropriated funds. The AJ thus ruled that, because Guzman had only served in nonappropriated fund positions, she had never held a position covered by the Act. Accordingly, the AJ concluded that Guzman was not entitled to CSRA retirement benefits. The initial decision became the decision of the board on January 27, 1995, when the full board denied Guzman's petition for review. Guzman now appeals here.
 
 DISCUSSION
 
 5
 Our standard of review requires that we affirm a decision of the board unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). A claimant for CSRA retirement benefits has the burden of demonstrating entitlement under the Act. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 6
 Guzman seeks CSRA retirement benefits for her years of civilian employment with the Air Force. To be eligible for such benefits, the CSRA requires that an employee complete at least five years of creditable service and that at least one of the two years of service prior to separation be "subject to" the CSRA, that is, covered service. 5 U.S.C. § 8333(a)-(b); Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed.Cir.1992). "Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed.Cir.1995). An individual must be a "employee" as defined by the Act in order for the individual's employment to qualify as covered service. 5 U.S.C. § 8334(a)(1). The CSRA specifically defines "employee," 5 U.S.C. § 2105, but excludes from that definition an employee paid from nonappropriated funds as follows:
 
 
 7
 An employee paid from nonappropriated funds of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges, and other instrumentalities of the United States under jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces is deemed not an employee....
 
 
 8
 Id. § 2105(c)(1) (emphasis added). See Dupo v. Office of Personnel Management, 69 F.3d 1125, 1128 (Fed.Cir.1995) ("[A] NAFI [nonappropriated fund instrumentality] employee is explicitly excluded from the definition of an 'employee' for purposes of the laws administered by OPM.... The CSRA is a law administered by OPM.").
 
 
 9
 Here, as the board found, "it is undisputed that all of [Guzman's] confirmed service was paid from nonappropriated funds." Guzman nevertheless claims entitlement to CSRA retirement benefits based on the contention that her Air Force employment is not excluded by the above emphasized language of 5 U.S.C. § 2105(c). We disagree.
 
 
 10
 Guzman held two positions during her civilian employment with the Air Force, "Janitor" and "Hotel Attendant." These positions were for instrumentalities "conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces." Accordingly, Guzman's civilian employment with the Air Force was not covered service under the Act because she was not an employee within the meaning of 5 U.S.C. § 2105.
 
 
 11
 The Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986 (NFIERC), Pub.L. No. 99-638, 100 Stat. 3535 (codified at 5 U.S.C. § 8332(b)(16) (1994)), does create an exception to the general rule that employees paid from nonappropriated funds are not entitled to CSRA retirement benefits. The NFIERC provides that employees paid by nonappropriated funds who performed certain service after June 18, 1952, but prior to January 1, 1966, shall receive retirement credit for their service. Such "service" is credible toward a retirement annuity only if it satisfies the following the following prerequisites:
 
 
 12
 (A) such service involved conducting an arts and crafts, drama, music, library, service club, youth activities, sports, or recreations program (including any outdoor recreation program) for personnel of the armed forces, and (B) such individual is an employee subject to this subchapter on the day before the date of the enactment of the [NFIERC] Act of 1986.
 
 
 13
 5 U.S.C. § 8332(b)(16) (emphasis added). Guzman did not begin her civilian employment with the Air Force until November 18, 1966, more than ten months after the NFIERC deadline of January 1, 1966. Also, Guzman was not an employee subject to the CSRA on November 9, 1986, the day before the enactment of the NFIERC. Guzman thus fails to satisfy the requirements of the NFIERC exception.
 
 
 14
 We have also considered Guzman's argument that our decision in Rosete v. Office of Personnel Management was wrongly decided. That decision, however, is binding precedent, and in any event, we do not find Guzman's argument persuasive.
 
 
 15
 Accordingly, the decision of the MSPB is affirmed.
 
 
 
 *
 Judge Nies assumed senior status on November 1, 1995