95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Estanislao A. EGUITA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3316.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Estanislao A. Eguita moves for leave to proceed in forma pauperis. The court considers, sua sponte, whether the Merit Systems Protection Board's decision holding that Eguita was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. should be summarily affirmed.
 
 
 2
 Eguita was employed by the Department of the Navy for three intermittent periods from 1945 until 1950, totaling four years and six months of service. In 1951, Eguita received an excepted appointment in which he worked until 1987, when he reached mandatory retirement age.* Subsequently, Eguita applied for retirement benefits under the CSRA. OPM denied Eguita's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Eguita's service from 1945 until 1950 was not sufficient to confer annuity rights because it totaled less than the requisite five years of credible service. The AJ also determined that Eguita's service from 1951 until 1987 was specifically excluded from CSRA coverage. See 5 C.F.R. § 831.201(a)(6), (13). Thus, the AJ concluded that while Eguita had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA for at least one of the last two years of service. See 5 U.S.C. § 8333(b); 5 U.S.C. § 8347(g). Eguita petitioned this court for review.
 
 
 3
 This court recently considered one of the two issues raised by Eguita. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, Rosete is dispositive with regard to the AJ's determination that Eguita was not entitled to retirement benefits on the basis of his later service. From 1951 until 1987, Eguita served for nine months under an excepted, intermittent appointment and thereafter under a Rosete-like indefinite appointment, both of which are specifically excluded from CSRA coverage by statute. See 5 U.S.C. § 8347(g). Further, the AJ found that there was no evidence that Eguita made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Eguita was not entitled to retirement benefits on the basis of his earlier service, we consider whether our holding in Esteban v. Office of Personnel Management, 978 F.2d 700 (Fed.Cir.1992), is dispositive. In Esteban, we stated that pursuant to 5 U.S.C. § 8333(b), an employee may not be divested of annuity rights where the employee on an earlier separation from employment satisfied the eligibility requirements under the law in effect at that time. Esteban, 978 F.2d at 701. We noted that the 1942 Act provided for a deferred annuity at age 62 for employees having at least five years of service at the termination of their employment. Because Esteban failed to establish that she was eligible for an annuity under the 1942 Act at the time of her separations in 1946, 1947, and 1948, we held that she was not eligible for an annuity under the current CSRA. Eguita similarly failed to show that he was eligible for retirement benefits under the 1942 Act, because his employment from 1945 until 1950 did not meet the statutory requirement of five years. Thus, Esteban is dispositive of the AJ's determination that Eguita was not eligible for retirement benefits on the basis of his earlier service.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Merit Systems Protection Board's decision is summarily affirmed.
 
 
 8
 (2) Eguita's motion for leave to proceed in forma pauperis is moot.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 
 *
 Eguita's service from March 1951 until December 1951 was pursuant to an excepted, intermittent appointment, which was subsequently converted to an excepted, indefinite appointment for the remainder of Eguita's employment