NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3105

ALFREDO M. SERA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 12, 2006

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM) denial of Mr. Alfredo Sera's application for deferred annuity under the Civil Service Retirement Act (CSRA). Alfredo M. Sera v. Office of Pers. Mgmt., No. SF-0831-05-0586-I-1 (M.S.P.B. Aug. 15, 2005) (Initial Decision); Alfredo M. Sera v. Office of Pers. Mgmt., No. SF-0831-05-0586-I-1 (M.S.P.B. Nov. 3, 2005) (Final Decision). Because this record shows no errors, this court affirms.

I.

Mr. Sera was employed at three different times in the Philippines by the United States Air Force. Mr. Sera's first period of employment, which was subject to CSRA, was from October 8, 1945 until September 16, 1950. His second period of employment, which was not subject to CSRA, was from December 19, 1950 until January 16, 1951.

On January 12, 1953, he requested a refund of his retirement contributions. The refund was authorized on January 28, 1953. Mr. Sera's third period of employment, which contained no retirement coverage, was from July 7, 1964 until his mandatory retirement in June 1987. After receipt of the refund of his retirement contributions in January 1953, the record does not show that he ever redeposited his refunded contributions while serving in a position subject to CSRS, or had retirement contributions withheld from his pay.

The Board held that during the first period of employment Mr. Sera was not entitled to a deferred annuity under CSRA. He did not have the required five years of creditable service. Moreover, he could not show that he redeposited his refunded retirement contributions, or made any additional retirement contributions during any subsequent periods of employment. In addition, the Board further held that because his second period of employment was a temporary appointment of less than a year, it likewise did not meet the requirements for creditable service. Furthermore, with respect to the third period of employment, though the Board found Mr. Sera served for more than the required five years, those years were not creditable because he served as an indefinite appointment, which is specifically excluded from retirement coverage.

II.

This court possesses limited authority to review an appeal from the Board. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Protection

Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

III.

Mr. Sera has the burden of proof to demonstrate entitlement to retirement benefits. Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 141 (Fed. Cir. 1986). To qualify for an annuity under either the 1942 or 1954 Retirement Act, Mr. Sera must have had five years of creditable service ending with a position covered under CSRA. 5 U.S.C. § 8333(a)-(b) (2005). Indefinite appointments are specifically excluded from retirement coverage. 5 C.F.R. § 831.201(a)(13) (2006). Covered service is only service that is not specifically excluded from coverage by law or regulations, and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund. Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995) (citing Noveloso v. Office of Pers. Mgmt., 45 M.S.P.R. 321, 323 (1990), aff'd mem., 925 F.2d 1478 (Fed. Cir. 1991); see also Esteban v. Office of Pers. Mgmt., 978 F.2d 700, 701 (Fed. Cir. 1992)).

The evidence before the Board shows that Mr. Sera's first period of service did not meet the five-year requirement. His second and third periods of service were both specifically excluded from retirement coverage because the second was temporary, and the third, indefinite. In addition, the evidence shows that any retirement contributions that were withheld from his pay were refunded. Mr. Sera could not show that he redeposited them – a requirement for an annuity. Additionally, there is no evidence that any retirement contributions were withheld from Mr. Sera's pay after the refund or

during the second and third period. As a result, substantial evidence supports the Board's conclusion that Mr. Sera never held a covered position that provided the required five years of creditable service that would entitle him to a deferred annuity.

In addition, Mr. Sera argues that the "continuity provision of service rule," which this court understands to mean the continuity-of-service rule, should apply to his third period of employment; and that because the employment forms show that he "was eligible for retirement pay" this must mean he should receive retirement pay. However, with regard to his first argument, OPM, pursuant to its statutory authority to exclude employees whose employment is temporary or intermittent, established in 1965 that service under indefinite appointments is not subject to retirement coverage. See 5 U.S.C. § 8347(g) (1994); 5 C.F.R. § 831.201(a)(13) (1998); See generally Rosete, 48 F.3d at 514. In addition, with regard to his second argument, being "eligible" does not entitle an employee to a deferred annuity, particularly when the employee has provided no evidence of retirement contributions being withheld from pay. Id.

As a result, the Board's decision is in accordance with the law, and is supported by substantial evidence. Therefore, this court affirms.

06-3105